ROBERTSON, REVENUE AGENT, *v.* FIRST NATIONAL BANK OF
GREENWOOD.

[76 South. 689.]

1. TAXATION. *Equalization by board. Jurisdiction.*
   When the board of supervisors is meeting for the equalization of
   taxes, it acts as a court of limited jurisdiction and all of the
   jurisdictional facts must appear upon the minutes of the board
   to render its proceedings valid.

2. TAXATION. *Equalization. Notice to taxpayers.*
   Under section 6, chapter 98, Laws 1916, it is incumbent on the
   president of the board of supervisors to give five days' notice
   "by posting, at the court house or publishing in a newspaper
   of the county" of the special meeting at which action is to be
   taken for the equalization of taxes and where such notice was
   not given the board of supervisors was without jurisdiction to
   raise the assessment of defendant bank at that meeting or at
   a later meeting, also without notice, and their orders and proceed-
   ings were absolutely void.

APPEAL from the circuit court of Leflore county.
HON. F. E. EVERETT, JUDGE.

Suit by Stokes V. Robertson, revenue agent, against
the First National Bank of Greenwood. From a,
judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Monroe McClurg,* for appellant.

Recurring again to the counsel's most persistently
urged point that, the failure of the minutes of the
board of supervisors at their October meeting to in-
clude a copy of the five days' notice published for
the purpose to hold that special meeting is fatal to
recovery in this cause, the reply, is as above stated,
that special meeting was merely incidental in a matter
of mere procedure. No final judgment was render-
ed at that meeting. Appellee had appeared and con-

tested at the September meeting and was charged by the Act of 1916, with knowledge that the action of the September meeting was not to be considered final and a dismissal of appellee from his diligence. The failure of that clerical omission in the recorded minutes would have been more important if the matter of assessing or valuing the appellee's property had originated there, or the final judgment been rendered there, in a direct controversy between the state's taxing officers and the appellee alone, or in some contractual matter between them as in the case of *Rabb & Chichester* v. *Postal Tel. Co.*, 104 Miss. 165, and other cases cited by counsel. There was not a single jurisdictional act taken at that meeting of which the appellee could complain. No affirmative recital in the minutes would have helped or hurt the appellee other than what was done to its advantage.

To determine whether the process is sufficient, or even necessary the whole record must be examined; it is not enough to look to the return only; and the record as a whole will be given a sensible construction looking to the real ends of justice. See *Allen* v. *Dicken*, 63 Miss. 91, 93, especially on collateral attack of the judgment. See *Brennan* v. *Strass*, 85 Miss. 341, 344, and *Swain* v. *Gilder*, 61 Miss. 667, 670, as to what the rules are respecting affirmative showing of jurisdictional facts in the proceedings before courts of inferior jurisdiction.

*Gwin & Mounger,* for appellee.

The constitutional sufficiency of the notice under the Act of 1916, will be hereafter discussed. Here we submit that the question as to whether the notice required by that act is a sufficient compliance with the state and federal Constitution is immaterial. Regardless of the constitutionality or unconstitutionality of the law upon the point of notice and regardless of

whether notice can be dispensed with altogether or not, it is, nevertheless, true that section 6 of the Act of 1916, requires that notice shall be given and specifically prescribes that the notice shall be given in one of two ways, and that the special meeting of the board of supervisors shall be held only "after giving five days' notice by posting at the courthouse or publishing in a newspaper of the county. "The third special plea herein expressly alleges that the notice was never given of the meeting, or of the intention of the board of supervisors to consider assessments, and the demurrer admits this to be a fact. The order of the board of supervisors and the subsequent proceedings based thereon are obviously void, even though the notice were not required by the Constitution and might have been dispensed with by the legislature. It was not dispensed with, but is required by the statute, and is a condition precedent to the power of the board of supervisors to act. The notice is jurisdictional. *Leflore County* v. *Cannon*, 81 Miss. 334, 33 So. 81; *Hinton* v. *Perry County*, 84 Miss. 536, 36 So. 565; *Herrick* v. *Pascagoula St. Ry. & Power Co.*, 97 Miss. 637, 54 So. 660; *Adams* v. *Bank*, 103 Miss. 780, 60 So. 770; *Henry* v. *Board of Supervisors of Sunflower County*, 111 Miss. 434, 71 So. 742; *Robb & Chichester* v. *Postal Telegraph Co.*, 104 Miss. 165. Suggestion of error, 104 Miss. 176, 61 So. 170-977.

It is unnecessary to dwell at length upon the failure of the record of the board of supervisors exhibited with the declaration herein and also exhibited with the special pleas to show the proper notice, since the plea alleges that no notice was ever given, and the appellant's demurrer and refusal to join issue or plead, followed by final judgment in the circuit court, admits and establishes the truth of this allegation and the invalidity of the assessment. However, it is perfectly obvious from the record why the able counsel for appellant should have declined to plead further and permitted judgment

final to go against the appellant when his demurrer or motion was overruled. The minutes of the board of supervisors of the special meeting held on the 20th day of October, 1916, which are exhibited with the declaration, fail to show sufficiently the legal notice which, it is held in the Wheatley case, "the statute expressly provides for notice and which is required to be given for the benefit of the public generally."

It is apparent from an examination of this record of the board of supervisors that a traverse of the plea would have been wholly useless in this case. The board of supervisors, when equalizing matters of assessment, is a court of limited jurisdiction, and all of the jurisdictional facts must appear in the record and on the minutes of the board. The minutes must show a finding of all jurisdictional facts. In this instance, it is essential that the minutes should show that the notice was given at least five days before the meeting, and should show further the manner in which it was given, whether by posting at the courthouse or by publishing in a newspaper. The failure of the minutes to show this is fatal to the validity of any action taken by the board in reliance upon such alleged notice. *Leflore County* v. *Cannon*, 81 Miss. 334 33 So. 81; *Hinton* v. *Perry County*, 84 Miss. 536, 36 So. 565; *Herrick* v. *Pascagoula St. Ry. & Power Co.*, 97 Miss. 637, 54 So. 660; *Adams* v. *Bank*, 103 Miss. 780, 60 So. 770; *Henry* v. *Board of Supervisors of Sunflower County*, 11 Miss. 434, 71 So. 742; *Robb & Chichester* v. *Postal Telegraph Co.*, 104 Miss. 165; Suggestion of error, 104 Miss. 176, 61 So. 170, 977.

SYKES, J., delivered the opinion of the court.

This suit was brought in the circuit court of Leflore county by the state revenue agent against the appellee bank for the sum of $10,002.14, taxes claimed to be due the state, county, and levee district for the year of

1916. To the declaration are made exhibits the various proceedings of the board of supervisors of Leflore county relating to these taxes. For an understanding of this opinion it is unnecessary for us to set out or consider all of the various steps taken in this matter. The board of supervisors was dissatisfied with the original assessment against the appellee bank and raised this assessment of its own motion, before any instructions were received by it from the state tax commission. After this was done, a communication was received by the board of supervisors from the above commission, instructing it to increase the assessment of "capital stock, surplus, and undivided profits of banks, less assessment of real estate, forty-two per cent." The board of supervisors, at a special meeting held in October, appointed a committee of five witnesses to appear before the state board and resist the suggested changes or raises in the assessment of the personal property in the county. The proceedings of this special meeting necessary to an understanding of the opinion are herein set out:

"Minutes, Board of Supervisors, Leflore County, Mississippi, October Special Term, 1916.

"The State of Mississippi, Leflore County.

"Be it remembered that on this the 20th day of October, A. D. 1916, the board of supervisors of said county met at the courthouse thereof, in the city of Greenwood pursuant to a call by the president of said board, as required by law, which call is in words and figures as follows, to wit:

"'Special Meeting of the Board of Supervisors of Leflore County.—A special meeting of the board of supervisors is hereby called to be held at the courthouse, in Greenwood, Mississippi, on Tuesday, October 28, 1916, at ten o'clock a. m., for the purpose of correcting the county valuations upon the classes of property specified by the board of state tax commissioners, re-

quired by the said board of state tax commissioners in its notice, now on file with the clerk of the said board of supervisors, and to take any and all such action with reference thereto as the board may deem proper.

"'Ordered this the 22d day of October, 1916. J. L. Haley, President of Board of Supervisors,'" etc.

These proceedings are made a part of the declaration in the case. It will be noted that the dates above shown are absolutely contradictory. The meeting appears to have been held on the 20th of October, 1916, in pursuance of a call for a special meeting which was to be held on October 28th. The call for the special meeting is dated October 22d. In other words, the call for the special meeting is dated two days after the special meeting is shown to have been held. This order of the special meeting does not show that it was either published in a newspaper or posted on the bulletin board at the court house.

The record in the case also shows that the state tax commission overruled the contention of the county and ordered the raise to be made in the personal assessment in accordance with its original instructions. Accordingly at the regular November meeting of the board of supervisors, the board attempted to comply with the order of the tax commission by making a horizontal raise on all classes of personal property, in accordance with the instructions of the state tax commission, without making any attempt whatever to equalize among the individual taxpayers the raise in these assessments. There was no notice given of this meeting of the board.

To the declaration a plea of general issue and a number of special pleas were filed. In these special pleas was raised the question of the power of the board of supervisors to raise the assessment of this bank without giving any notice of the same. The various pleadings in the case were filed, and the case was tried, before the decision of this court on the constitutionality

of this act in *State ex rel.* v. *Wheatley et al.,* 113 Miss. 555, 74 So. 427. The revenue agent demurred to all the special pleas except one; he made a motion to strike that plea from the files. The demurrers and the motion to strike from the file was overruled. The revenue agent declined to plead further and judgment final was rendered in favor of the bank, from which judgment this appeal is prosecuted.

There are numerous defenses alleged in all these special pleas and argued before us. Our view of the case, however, renders it necessary to consider only the one question of notice. The decision in the Wheatley Case in construing section 6 of the state tax commission act, holds that under this section, before the board of supervisors can enter into equalization of the taxes, it is incumbent upon its president to give five days' notice, "by posting at the court house or publishing in a newspaper of the county," of the special meeting at which action is to be taken. Referring to this notice of the meeting of the board of supervisors, the court, through Judge STEVENS, in part, said:

"Section 6 does provide that the meeting of the board of supervisors is to be held upon notice; this notice is a general notice by publication and for the benefit of the public generally. By this notice every taxpayer is advised of the meeting and has a right to attend; by the terms of this section the board of supervisors are not directed to increase every individual taxpayer and fix an arbitrary percentage, but distributes the burden of increase amongst the individual taxpayers within the class of property affected by the order."

This notice is the due process of law which brings the individual taxpayers into court and renders the decision of the board of supervisors binding upon them. Unless this notice be given in accordance with section 6 of the state tax commission act, the board of supervisors is without jurisdiction to equalize these taxes. The order

of the board of supervisors at this special October meeting which is above quoted, affirmatively shows that this notice was not given. Having failed to give this notice the board was without jurisdiction to raise the assessment of this appellee.

Neither was any notice given of the November meeting, when the assessment was finally raised. As to whether or not when notice has been given under section 6 of the act of the first meeting to consider the equalization, and where at this meeting the board appoints representatives to protest, as was done in this case, and the protest is overruled, and at a regular meeting of the board of supervisors the assessment is raised, it is necessary to give the five days' notice of the second meeting, we do not now decide, because the failure to give the notice of the first meeting in this case is fatal to the contention of the appellant.

It is too well settled in this state for us to cite authorities, that in this instance the board was acting as a court of limited jurisdiction, and that all of the jurisdictional facts must appear upon the minutes of the board to render its proceedings valid.

From the above it follows that the failure of the board of supervisors to give the five days' notice, as required by section 6 of the state tax commission statute (chapter 98, Laws of 1916), prevented them from acquiring jurisdiction of the appellee, and rendered their orders and proceedings upon which they attempted to raise this assessment absolutely void.

The judgment of the lower court is affirmed.

*Affirmed.*

### RESPONSE TO SUGGESTION OF ERROR.

The declaration of the state revenue agent in this case was bottomed upon the void assessment of the board of supervisors entered at its regular November meeting. In the consideration of this case and the affirmance of

the judgment of the lower court, there was no question raised as to the validity of the order of the board of supervisors at its September term in raising the assessment of this bank to two hundred and twelve thousand, one hundred sixty-six dollars and eighty-six cents; in fact, one or more of the special pleas of the appellee bank claim that this is the assessment upon which the bank is liable for taxes. The judgment of the lower court, and the affirmance thereof by this court, in no way precludes the tax collector from collecting taxes as assessed at the regular September meeting of the board above referred to

*The suggestion of error is overruled.*