GARRETT, TAX COLLECTOR, *v.* ROBERTSON, STATE REVENUE AGENT.

[83 South. 177, In Banc, No. 20856.]

TAXATION. *Right of revenue agent to twenty per cent of taxes collected by suit.*

Section 4738, Code 1906 (Hemingway's Code, section 7056), makes it the duty of the state revenue agent to proceed by suit in the proper court on past due and unpaid taxes of any kind, and where, as a direct result of the activity of the revenue agent and the institution of two suits, two banks owing past due taxes under an assessment of the board of supervisors, paid the sheriff and tax collector of the county the full amount of the assessments, the revenue agent is entitled to recover from the tax collector twenty per cent of the amount paid by such banks. In such case it is not necessary that the revenue agent should first present his claim to the board of supervisors since his commission on such taxes so collected is not a trust fund belonging to the county, but funds belonging to the revenue agent, merely held by the sheriff.

APPEAL from the circuit court of Leflore county.

HON. H. H. ELMORE, Judge.

Suit by Stokes V. Robertson, state revenue agent, against T. C. Garrett, sheriff and tax collector of Leflore county. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Gardner, McBee & Gardner,* for appellant.

We have just received, and read with much interest, the reply brief of appellee, and note that counsel say that the assessor proceeded under section 4277 of the Code of 1906, at the instance of the board of supervisors, to assess these banks for property that had escaped taxation for the year 1916.

There is nothing in the record that we have seen that shows or even tends to show, that this action was taken at the instance of the board of supervisors; but, for the sake of argument, assume it was, we still insist that appellant should not be prejudiced in any way by the action of the board of supervisors in any way trying to protect the interests of the county.

In its last analysis, the facts in this case show that, after this court, in response to the suggestion of error said: "The judgment of the lower court and the affirmance thereof by this court, in no way precludes the tax collector from collecting taxes assessed at the regular September meeting of the board above refered to." This second suit was brought by the revenue agent against these banks on his own volition, and before any effort had been made, as the record shows, by the tax collector, to collect these taxes, which this court held could be collected by the tax collector for the assessment made at the September meeting.

We therefore say that the action of the revenue agent in bringing this second suit before any effort was made, or could be made, to collect the taxes under the assessment made at the September meeting, was unnecessary, uncalled for, and assuredly the county should not be held responsible for any fees on account of this second suit.

The answer to this, of course, will be that the attorney for the banks refused to pay unless the revenue agent consented. We submit that it was not within the power

of the attorney for the banks, nor was it in the power of the revenue agent, to bring about a settlement of the taxes and charge the county (for the fees collected will have to come out of the county) for the collection of taxes that should have been collected by the tax collector, under what this court held under the suggestion of error, was a valid assessment.

This court will bear in mind that after the opinion was rendered holding that the assessment at the adjourned meeting of the board was void, by reason of the board not giving notice of its meeting, that the assessor gave the notice referred to under section 4277, as required by law, to collect the taxes for the year 1916, upon the idea that the property of the banks had escaped taxation for that year. Before any definite action was taken by the board, this court responded to the suggestion of error, and held that the September assessment was a valid one, and that the tax collector could collect the taxes based on that assessment. After this, and while this notice from the assessor to these banks was pending, the revenue agent brought this second suit, wholly without any authority, to collect taxes, the collection of which, had never been attempted by the tax collector, the duly authorized officer, required by law to collect these taxes.

We submit that for the revenue agent to bring this suit and then collect fees for his attempted collection, would permit him to usurp the duties and powers of the tax collector. We confidently submit that no suit should have been brought, or could have been brought by the revenue agent, for which any fee could have reasonably been charged, until after an honest effort had been made by the tax collector to collect these taxes, which the testimony shows was never attempted.

Claim should have been presented to board of supervisors. Counsel for appellees seem to rely upon four cases cited by them, which were decided by this court, to

wit: *Tuttle* v. *Everett,* 51 Miss. 27, 24 Am. Rep. 622; *Vicksburg* v. *Butler,* 56 Miss. 72; *Huntley* v. *Bank of Winona,* 69 Miss. 633; *Zemurray* v. *Bouldin,* 87 Miss. 583, as authority for the right to bring suit against the tax collector in this case instead of the county.

The four cases relied upon are not in point at all, and do not sustain their contention. By reference to these cases it will be found in each case, the tax collector collected an illegal tax, and in nearly every case, the payment was made under protest, which gave the tax collector notice that it was claimed he was wrongfully collecting a tax, and in every case as we recall, the court held that the tax was illegally collected, and therefore being illegally collected, the taxes did not belong to the county, and the suit was legally brought against the tax collector.

In this case, there was a valid assessment, and the taxes collected were legally due the county, the state and levee board. In other words, not one cent, so far as the testimony shows, was improperly charged or collected from the banks; that being the case, this money belonged to the county, the state and levee board under the assessments, which were in the hands of the tax collector and on which he was charged by the state, county and levee board for the taxes collected.

The fact that the tax collector may have settled with the revenue agent for his fees for the state and levee board, cannot prejudice the interests of Leflore county. The contention of appellant is that this fund in his hands is a fund that belongs to Leflore county; that he is charged by Leflore county with it that he is expected to settle with Leflore county and under sections 4350, 4351 and 4352 of the Code of 1906, he is not entitled to any credit, unless it can be shown that these amounts cannot be collected on account of the insolvency of the banks.

We again assert, that under section 4748, appellee is not entitled to any remuneration, for he has never collected nor paid over anything, as required by law, in addition to the fact that he has never presented his claim to the board of supervisors for allowance, as he should have done, before he would have been authorized to bring any suit.

*Monroe McClurg,* for appellee.

The appellant predicates his defense upon the false theories that it was incumbent upon the revenue agent to deal with the board of supervisors, and that because this court, on the suggestion of error, said in explanation of its opinion in the main case, 115 Miss. 840, that the tax collector was not precluded from collecting the taxes assessed at the September, 1916, meeting.

The state revenue agent had authority, and the sole authority, to sue for the delinquent taxes in the first instance. It was his duty to do so, especially on being notified by the county tax collector, appellant, that the banks had positively refused to pay the taxes; nor is there any law that required him to apply to the board of supervisors to bring prosecute to judgment and collect the taxes and the payment of the amount collected for the county, after deducting his commissions, into the county treasury. The tax collector was not precluded then from collecting the full amount demanded except by the unequivocal refusal of the banks to pay a cent of it.

So, it may be conceded for the sake of argument, that after this court was compelled to eliminate the amount of the raise in the assessment by the state tax commission of about three thousand dollars because of the blundering carelessness of the board of supervisors in not publishing notice of its special October, 1916, meeting, the tax

collector was not precluded from collecting the taxes assessed at the regular September meeting, 1916, except that the banks again positively refused to pay them. Then, it was the duty of the state revenue agent to sue for that September assessment, and he alone should do it, and he did so, and upon that suit a settlement was forced and the full amount of the taxes paid. True, it was not handed physically over to the revenue agent or his attorney in person, but as a mere matter of convenience, and to expedite the settlement by saving the tediousness and trouble of red tape proceedings the attorney for the revenue agent and the attorneys for the banks agreed that the banks might pay the money to the county tax collector. Notwithstanding that agreement was in writing and the tax collector given a copy, the attorney for the banks actually required the attorney for the revenue agent to be personally present and consent to and see with his own eyes the payment made.

And, the tax collector, appellant, Mr. T. C. Garrett, so far ratified and confirmed that arrangement and settlement by paying the revenue agent his commission on the amounts thus collected, in and by the same suits and settlement, for the state and for the levee board. And, it is not doubted that he would have paid the revenue agent his commissions on the amount paid him for the county, according to the agreements and circumstances stated, had not the board of supervisors precluded him from doing so, probably in an effort to recoup in part its own blunder in loosing three thousand dollars of the taxes to the county. The board of supervisors is a volunteer interloper, wholly without authority to interfere in this transaction.

It is respectfully submitted that the judgment of the circuit court, sitting as judge and jury, should be affirmed.

*Whittington & McClurg,* for appellee.

It was made the duty of the revenue agent to file these suits by section 4738 of the Code of 1906 (Section 7056, Hemingway). The commissions due the revenue agent were not contingent upon his overcoming the blunder made by this board of supervisors in failing to give notice of the raise made in the assessment by the board of equalization and thereby recovering the full amount sued for any more than an attorney would be precluded from collecting his contingent fee on the amount actually recovered, even though he had sued for twice or five times the amount actually recovered. The assessment had been made as directed by the state board of equalization and the board of supervisors, the tax collector, the revenue agent or no one else had authority whatever to accept one cent less than the amount of the assessment against these banks until the decision of this court in *Robertson* v. *The Bank, supra.*

It is idle, we submit, for the appellant to contend that it was incumbent upon the revenue agent to procure a judgment of this court for the full amount sued for in order to entitle him to any commissions whatever and as this court has said in at least two cases, the revenue agent cannot recover on a *quantum meruit,* but is entitled to retain as his commissions twenty per cent of the amount collected. The burden of appellant's argument seems to be that the revenue agent was employed to collect only the raise in assessments made by the state board of equalization. This of course cannot be correct.

The appellant argues that the suits filed by the revenue agent have nothing to do with the settlement finally made, but that the settlement was made by the board of supervisors on the agreed order the board of supervisors entered at the December, 1917, meeting of said board. It will be noted, however, that in its anxiety to defeat

120 Miss.—47

the revenue agent from the collection of his lawful com-
missions, the board of supervisors made it absolutely
impossible for the banks to pay the taxes declared col-
lectible by the court in response to the suggestion of
error in *Robertson* v. *The Bank, supra,* by making the
double assessment against the banks, or rather in at-
tempting to make such an assessment.   There would
have been no necessity for the order of the board of
supervisors, so confidently relied upon by the appellant
entered as above stated in December, 1917, had not the
board done the idle and useless thing of attempting to
assess these banks as having escaped taxation. The court
on the suggestion of error held that the tax collector
might proceed to collect the taxes assessed by the board
at the September, 1916, meeting, but the board of super-
visors knew perfectly well that if the banks did pay
under that assessment, the revenue agent would be en-
titled to his commissions and in an effort to prevent
this, the board had the tax assessor to enter another
assessment against the banks under section 4277 of the
Code of 1906 (Hemingay's 6911) on the theory that
said banks had escaped taxation for the year 1916. This,
in spite of the fact that this court had pointed out
that so far as that record showed, the assessment of
September, 1916, was perfectly valid.   It was there-
fore necessary for the banks before paying the taxes
due under the assessment of September, 1916, to have
cancelled the perfectly void assessment made by the
tax assessor under section 4277.   This was done at the
December meeting, and we submit that the order en-
tered at the December meeting was entered for only
one purpose, to-wit: To cancel and set aside this
void assessment of the tax assessor.   Then, and not
until then, was it possible for the banks to pay the
September, 1916, assessments against them without
running the risk of being liable for two assessments for
the same year.

This is clearly demonstrated by the testimony of Mr. Gwin, the attorney for the banks.

In the case of *Miller* v. *Land Company*, 74 Miss. 110, there was an effort on the part of a taxpayer to avoid payment of damages due by him to the tax collector for failure to pay his taxes when due and in answer to the argument made by the taxpayer and the tax collector was not entitled to his fees unless an actual sale of the property had been made (the taxpayer having paid his taxes prior to the sale), the court said: "A collection by resorting to any of the plans named in the statute entitles the officer to the per centum, even though the proceeding is interrupted by payment of the taxes. The sum given by the statute cannot be apportioned, and a larger or smaller amount, in proportion to the work done, be awarded as on a *quantum meruit;* the collector is entitled to all or none. There is no point in the proceeding, one begun, at which it may be said that the right to the compensation has attached rather than at another. The compensation is given as a unit; it cannot be apportioned. It is given when the collection is made by distress or other proceeding provided by the law, and the proceeding in necessarily also to be viewed as a unit."

But every argument advanced by the appellant in the case at bar was set at rest in the case of *Revenue Agent* v. *Bolivar County*, 75 Miss. 154, and we refer to this case as being absolutely decisive. It will appear from this case that it was not necessary for the revenue agent to actually collect the money himself. If paid at all after suit was instituted by him, his right to his commissions became fixed.

Now, in response to the argument that this suit should not have been brought against the tax collector, but against the board of supervisors, it does certainly seem clear to us that no suit could have been brought against the board of supervisors and the board of supervisors

could not have paid any claims submitted to it by the
revenue agent for his commissions until the commissions
had been paid into the treasury of the county. It will
be remembered that the tax collector agreed with the
attorney of the revenue agent to retain these commis-
sions until the controversy could be settled, and not pay
them into the county treasury. The tax collector testi-
fied at page 84 of the record that he still has the money
in his possession; that the board of supervisors had
recently agreed with him that they would refund it to
him should this suit be adjudged against him. It would
certainly, therefore, appear that both the county and
the tax collector will be amply protected by the judgment
of the court in this suit.

Had the revenue agent presented his claim to the board
of supervisors for allowance, it would have been prompt-
ly disallowed and had suit been filed against the board
of supervisors, the revenue agent would have been met
with a plea to the effect that no such funds had been
paid into the county.

The appellant seems to be under the impression that he
wears a halo and is immune from the annoyance of liti-
gation regardless of conditions. We know of no law
that protects the sheriff or tax collector from suit for
monies illegally held by him in his official capacity, or
otherwise. The truth is, this court has decided time and
again that until the money is actually paid into the
treasury he is the proper and only person who can be
sued. This was expressly decided in the following
cases: *Tuttle* v. *Everett,* 51 Miss. 27, 24 Am. Rep. 622;
*Vicksburg* v. *Butler,* 56 Miss. 7; *Huntley* v. *Bank of
Winona,* 69 Miss. 663; *Zemurray* v. *Bouldin,* 87 Miss.
583.

Section 4748 of the Code of 1906, (Hemingway 7066),
provides that the revenue agent shall retain as compen-
sation for his services and expenses twenty per centum
of all amounts collected and paid over by him. If he

had a right to retain this amount, would it not be per-
fectly legal for him to agree with the tax collector, as
a matter of convenience and in order to accommodate the
taxpayer for the tax collector to retain this money for
the revenue agent? As said by the court in *Adams* v.
*Bolivar County*, 75 Miss. 160, if the defendant pays the
revenue agent after the thirty days, would he not be
entitled to receipt him and retain his compensation? And
if so why would he not be entitled, without suit, if the de-
faulter pays the county treasurer? In either case the
payment is the direct result of the services rendered by
the revenue agent.''

If the tax collector had paid these commissions into
the treasury of Leflore county, the suit would have been
against the board of supervisors of Leflore county. The
money was paid into the treasury in *Adams* v. *Bolivar
County, supra,* and that suit was against the county.
That is the only difference between *Adams* v. *Bolivar
County* and the case at bar. It would be difficult to
imagine a case in which the attorney for the revenue
agent has done more hard work for the amount involved
than in the case at bar, and the laborer being worthy of
his hire, we confidently submit that this case should be
affirmed.

SYKES, J., delivered the opinion of the court.

Stokes V. Robertson, state revenue agent, filed suit in
the circuit court against the sheriff and tax collector of
Leflore county for the sum of nine hundred and ninety-
three dollars and sixty-seven cents, being twenty per
cent. of the amount of county taxes of two banks of
Greenwood paid to the sheriff. Plaintiff avers that
these taxes were paid to the sheriff as the result of two
suits instituted by him against these banks; that the tax
collector had paid over to the county its share of these
taxes, but that he retains and has in his possession the

twenty per cent. commissions due the revenue agent. After a demurrer was overruled to the declaration, the tax collector filed a plea to the general issue, and gave notice of certain facts which will be referred to in stating the case.

The state revenue agent originally instituted suits against these two banks for taxes for the year 1916. The facts relating to these suits are fully set forth in the opinion of the court in the case of *Robertson, State Revenue Agent,* v. *First National Bank of Greenwood,* 115 Miss. 840, 76 So. 689. After the decision in that case the tax assessor of Leflore county attempted to assess these two banks for taxes for the year 1916, as having escaped taxation for that year, under section 4277, Code of 1906 (section 6911, Hemingway's Code). The attorney for the revenue agent, acting under instructions from him, after the above decision of the court, called upon the attorneys for the banks and requested them to settle these taxes in accordance with the assessment of the board of supervisors as shown by their order of September, 1916. The attorney for the banks declined to do this. The revenue agent then instituted suits against these two banks, based upon this September assessment of the board of supervisors. Various conferences were held in attempting to adjust the matter between the attorneys and the board of supervisors, resulting in some kind of an agreed order entered by the board of supervisors relating to these assessments. Under agreement of all parties the banks then paid the assessment of the September order of 1916 of the board of supervisors, to the tax collector, who in accordance with an agreement with the state revenue agent distributed these funds to the state, county, and levee board, retaining therefrom the twenty per cent. claimed by the revenue agent, and still has in his possession the amount herein sued for.

The appellant makes two contentions for a reversal of this case: First, that the consent order of the board of

supervisors on its face shows that the banks paid their taxes in pursuance of this order, prepared by the attorney for the bank, in accordance with the decision of this court; second, that the state revenue agent should have first presented his claim to the board, before suing the tax collector.

Section 4738, Code of 1906 (section 7056, Hemingway's Code), makes it the duty of the state revenue agent to proceed by suit in the proper court on past-due and unpaid taxes of any kind. At the time of the institution of the suits against these two banks, based upon the September, 1916, assessment of the board of supervisors, these taxes were past due and unpaid, and the banks before suit declined to pay them. As a direct result of the activity of the revenue agent and the institution of these two suits, the banks paid the full amount of this assessment. The mere fact that the money was paid to the tax collector, instead of to the revenue agent, makes no difference. *Adams* v. *Bolivar County*, 75 Miss. 154, 21 So. 608; *Miller* v. *Land Co.*, 74 Miss. 110, 20 So. 875.

Neither is there any merit in the contention that this claim should have been first presented to the board of supervisors. The revenue agent was entitled to twenty per cent. of the amount collected. Under an agreement with the sheriff and the tax collector this amount was retained by him pending this litigation. It is not a trust fund, nor funds belonging to the county, but funds belonging to the revenue agent, merely held by the sheriff. *Tutte* v. *Everett*, 51 Miss. 27, 24 Am. Rep. 622; *Vicksburg* v. *Butler*, 56 Miss. 72; *Huntley* v. *Bank of Winona*, 69 Miss. 663, 13 So. 832; *Zemurray* v. *Bouldin*, 87 Miss. 583, 40 So. 15. The lower court rendered judgment in favor of the revenue agent for the amount sued for, which was correct, and the judgment is therefore affirmed.

*Affirmed.*