CRUMP *et al. v.* TUCKER.*

(Division A.   Jan. 30, 1928.)

[115 So. 397.   No. 26839.]

1. NOTICE.   *Publisher's affidavit is evidence but not conclusive of due publication of notice (Hemingway's Code 1927, section 1712).*
   Under Hemingway's Code 1927, section 1712 (Code 1906, section 1980), providing that publication of a notice in a newspaper

when required by law or order of court may be proved by publisher's affidavit, affidavit is only rebuttable evidence and not conclusive.

2. APPEAL AND ERROR. *Chancellor's finding will not be reversed unless appearing manifestly wrong.*

Unless chancellor's finding of facts appears manifestly wrong, it will not be reversed on appeal.

3. MORTGAGES. *Sale under deed of trust is void, more than a week elapsing between last publication and the day of sale (Hemingway's Code 1927, section 2431).*

Under Hemingway's Code 1927, section 2431 (Code 1906, section 2772), requiring sale of land under deed of trust to be advertised for three consecutive weeks preceding the sale, sale is void where more than a week elapsed between the sale and the last publication preceding the sale.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 899, n. 95; Mortgages, 41CJ, p. 962, n. 17; Notice, 29Cyc, p. 1122, n. 89.

APPEAL from chancery court of Sharkey county.
HON. J. L. WILLIAMS, Chancellor.

Suit by Mrs. E. A. Tucker against E. B. Crump and others. Decree for complainant, and defendants appeal. Affirmed.

*Clements & Wright,* for appellants.

The most serious point in the case is whether or not the issue of the paper of December 28th was out before the sale. We know the rule of this court on reversing the case on the facts where decided by the chancellor, but in this case we respectfully submit that the finding of the learned chancellor is against the weight of the credible proof. We feel that the weight of the credible testimony shows that four publications were made before the day of sale, and that the chancellor was in error in holding the contrary; and that we are justified in asking this court to reverse this case on the facts. If this decision is allowed to stand on this evidence, the appel-

lants have no recovery, for the debt secured was barred on December 31, 1923, which was two days after the proposed day of sale as advertised. The notice of sale was duly posted, and remained so under the proof; the notice had been regular in the paper, no question raised against it except that the fourth issue did not appear until the day of sale, and after the hour of sale. They attempt to impeach the proof of publication by the testimony of the man that made it, his wife, and co-owner of the paper, and one of the attorneys for appellee, who knows nothing except what was told him by these same people.

*Brunini & Hirsch* and *John S. Joor, Jr.,* for appellee.

Appellants' position is, that the proof of publication, under section 1712, Hemingway's Code 1927, section 1640, Hemingway's Code 1917, is not subject to impeachment. They offer no law in support of their position, or authority, and for the very simple reason that they can find none. Both sides recognized that if the last publication as a matter of fact, was made six hours after the sale, on Saturday, December 29, 1923, the sale was void and that the only question before this court is: What was the fact? Appellees' answer is, this record shows, beyond controversy, that the paper was published about six hours after the hour of sale. *"Planters Mercantile Co.* v. *Braxton,"* 120 Miss. 470, is conclusively against the contentions of appellants. There is no law which is better settled than that the trustee must strictly follow the powers conferred upon him. He must act within the limitation of the powers. Perry on Trust and Trustees, (6 Ed.), sec. 602, p. 1009; sec. 782, p. 1288; sec. 666, p. 1005; *Enochs* v. *Miller,* 60 Miss. 19; *Allen* v. *Alliance Trust Co.,* 84 Miss. 319; *McCoughan* v. *Young,* 85 Miss. 277.

McGOWEN, J. Mrs. E. A. Tucker, the appellee, exhibited her bill in the chancery court of Sharkey county against E. B. Crump *et al.*, seeking an injunction to prevent the foreclosure of a trust deed, but no temporary injunction was granted, and after the filing of the bill, while same was pending, the trust deed was foreclosed and E. B. Crump, the appellant, became the purchaser of the property.

The trust deed in controversy appears to have been signed and acknowledged by Mrs. E. A. Tucker, the wife, and E. B. Tucker, the husband, on land owned by them, constituting less than one hundred sixty acres, and alleged to have been at all times their homestead.

The bill was filed in December, 1923. It alleged that the husband, E. B. Tucker, died in February, 1919. The bill specifically denied the execution of the trust deed by the complainant, Mrs. E. A. Tucker, and alleged that the trust deed had been subsequently paid. The bill was several times amended, and finally charged that the trustee's deed to Crump, and the subsequent deed of Crump to George, were void for the reason that no legal publication of the notice of sale had been made, because eight days elapsed between the date of the last publication of the newspaper, to-wit, December 21, 1923, and the date of sale, to-wit, December 29, 1923.

The court below held that the trustee's sale was void, and canceled the trust deed to Crump and Crump's deed to appellant George.

Three issues were presented in the court below, and are argued here, to-wit: (1) Did Mrs. Tucker sign the deed of trust? (2) Was there any indebtedness due under the deed of trust at the time of the sale? and (3) Was the notice of sale by advertisement in the newspaper valid?

It being clear to us that the chancellor based his decision on the last ground, holding the trustee's sale to be void, and consequently, that the deeds in pursuance of

said sale were void, we shall pretermit a discussion of the first two questions.

On the issue of facts presented the chancellor found that publication had not been made according to statute, and that the sales were invalid and, in effect, held that there was no publication of the newspaper on December 28, 1923.

The appellants Crump *et al.*, relied on proof of publication, sworn to by the editor and publisher, that the advertisement was inserted in the issues of the Deer Creek Pilot, dated December 7, December 14, December 21, and December 28, 1923.

The complainant, appellee here, Mrs. Tucker, introduced evidence tending to show that the paper was not in truth and in fact published on December 28, 1923, that said paper was not published until December 29, 1923, which was Saturday; that the sale occurred between the hours of eleven and twelve o'clock Saturday, December 29th; and that the issue of the paper dated December 28th, was not put in the post office until about six o'clock of the afternoon of December 29th.

Counsel for appellant concedes that if the chancellor was correct in the finding that eight days elapsed between the last publication, on December 21, 1923, and the day of sale, December 29, and that there was no publication of the paper on December 28, 1923, the decree below is correct. But he insists that the chancellor was in error in his findings of fact, for two reasons:

(1) He contends that section 1712, Hemingway's Code 1927 (section 1980, Code of 1906), making the affidavit to the proof of publication evidence, is conclusive and cannot be disputed, and that said affidavit cannot be overturned or rebutted by oral proof. The material part of said section is as follows:

"*Publication of Notices—How Proved.*—The publication of any notice in a newspaper, when required by law or by order of court, may be proved by the production of

a copy of the notice, with the affidavit of the printer, publisher, clerk, or superintendent of the newspaper, specifying the respective numbers and dates of the newspaper in which publication was made; *and such affidavit shall be* evidence.''

Section 1713, Hemingway's Code 1927 (section 1981, Code of 1906), provides for the proving of the posting of the notice required by law, and makes the affidavit as to posting the notice competent evidence in all courts and *prima-facie* evidence of what is stated therein.

Counsel for appellant does not point out to us wherein this statute undertakes to make the affidavit provided by section 1712, *supra,* conclusive evidence of its contents. Without this statute said affidavit would be *ex parte,* and would not be competent as evidence in a case. The language is plain, and we cannot interpolate into the statute that it means that the affidavit provided for therein shall be conclusive evidence, but only evidence of its contents admissible in the courts of the state as such, subject to be rebutted or contradicted; and we do not think there is any merit in the contention.

(2) Counsel seems to contend that the case should be reversed because the chancellor found on the issue of facts made up, that there was no publication on the newspaper on December 28th, but that the publication was made on the day of the sale, several hours subsequent thereto.

There was competent proof to the effect that the paper was not put in the post office until six o'clock in the afternoon of December 29, 1923; there was competent proof that one of counsel saw the forms being made up about four o'clock, after the sale, for the printing of the paper; and that he then and there obtained a certificate from the publisher as to the exact time when the paper was printed and published.

Counsel makes a very vigorous attack upon the credibility of the witnesses and the weight of the testimony.

We must, however, adhere to the rule that we cannot reverse a chancellor's finding of facts unless it appears to us that he is manifestly wrong, because he has the advantage of this court in that he sees the witnesses and gets an impression from their demeanor on the witness stand which cannot be imparted to us by the cold, printed words in the record submitted to us.

The chancellor having found that the attempted fourth publication was not made until after the hour of sale, it then follows that he found that eight days elapsed between the last publication on the 21st day of December and the day of the sale.

Under the rule announced by this court, the sale was void, and the trustee's sale and the trustee's deeds thereunder were void, and the decree of the court below was correct in that deeds of the appellant was canceled. On this state of fact the decree is upheld by this court in the following cases: Donald et al. v. Commercial Bank of Magee, 132 Miss. 578, 97 So. 12; Maris et al. v. Lindsey et al., 124 Miss. 742, 87 So. 12; Planters' Mercantile Co. v. Braxton, 120 Miss. 470, 82 So. 323.

In the latter case this court, construing section 2431, Hemingway's Code 1927 (section 2772, Code of 1906), held that when lands to be sold under mortgages and deeds of trust shall be advertised for three consecutive weeks preceding such sale, it is necessary that publication be made for the three weeks next preceding the day of sale, and a sale is void where a longer period of time than one week elapses from the day of the last publication and the day of sale.

On the finding of facts more than one week elapsed from the last publication to the date of sale, thereby rendering the sale and the deeds executed thereunder void.

Counsel for appellant complains at the harshness of the rule, but the opinion in the Braxton case, supra, was clearly foreshadowed in the case of McMahan v. Building & Loan Association, 75 Miss. 965, 23 So. 431, in which

case a mortgage contract was construed as to the length of time publication was required, whereas these latter cases are based upon a statute on the same subject, which, if harsh it be, the remedy is in legislation. However, the *Braxton case, supra,* was decided by this court at the March term, 1919, and four legislatures have met and adjourned without amending the statute, so that everybody has notice of the effect of a failure to comply with this statute, and the blame must rest, if blame there be, on those who do not observe the plainly construed meaning of a plain statute.

*Affirmed.*