SCOTT COUNTY v. DUBOIS.

(Division B. Oct. 6, 1930.)

[130 So. 106. No. 28815.]

246

Percy M. Lee, of Forest, for appellant.

**Louis C. Hallam,** of Jackson, for appellee.

**Griffith, J.,** delivered the opinion of the court.

On the 18th day of March, 1925, acting under the provisions of chapter 131, Code 1906 (sections 4737-4750), and amendments thereto, the assessor of appellant county made an "additional assessment of timber for back taxes" against appellee and others for the years 1919 to 1924 inclusive. On June 2, 1925, the board of supervisors entered an order reciting the premises as above stated, and further reciting and adjudging in substance and effect that certain persons, including appellee, had, after legal notice, appeared in person or by attorney and had, after adjustment and correction of said assessments, agreed to certain totals of amounts for each of said years; that said agreed amounts should be entered as final; and that additional taxes for said years should be paid thereon.

Appellant soon thereafter paid without written protest the amount of taxes thus adjudged to be due on said back assessments; but late in the year 1928 he presented a claim to the board of supervisors for a refund, on the

ground that the proceedings of 1925 were void; and, the claim being rejected, he sued in the circuit court, and recovered judgment. In his declaration he alleges that the recitals of the minutes of the board of supervisors entered in June, 1925, are untrue in two respects: First, it is not true as recited in said minutes that the assessor had made any such assessment as there mentioned; and, second, it is not true that appellant appeared before said board in any manner, or in any manner agreed to said back tax assessments. He says further that the whole proceeding was void for the reason that the timber on his land had for the years mentioned been assessed as a part of the land and could not be additionally assessed. See Miller v. Copeland's Estate, 139 Miss. 788, 104 So. 176.

It seems not to be claimed that the order of the board of supervisors is void on its face. The fact which appellee relies on as making the entire proceedings void is the aforementioned assessments regularly made for the years in question. But this is a fact which lies outside of the recitals of the order, so far as appears on the face thereof. There is no mention in the order of any previous assessments, nor of the manner in which they were made. It is true that the words "additional assessments of timber for back taxes" are used in the order, and an inference of the facts relied on by appellee might be drawn from those words. But other inferences, equally if not more reasonable, can also be drawn therefrom when taken in connection with the entire order, as must be done; and the rule is that facts to avoid a judgment will not be imported into it by way of inference unless the invalidating inference be obvious and reasonably inescapable. The rule is rather, in the matter of inferences, that those will be drawn, where reasonably possible, which will conform to the presumption of things rightly done in official action, especially in matters of the making and entry of official judgments. The board had jurisdiction of the subject-matter and of the parties, and there are sufficient

of facts recited to show that it had jurisdiction to act as it did act. What is attempted is to avoid its jurisdiction by the injection of adverse inferences, and this can no more be done by inference only, in respect to a court of limited jurisdiction, than can be in regard to a court of general jurisdiction.

This brings us squarely to the point that, in order for appellee to prevail, it will be necessary for him to show that the judgment of the board, as entered, contains untrue recitals. But this attempt encounters the well-settled law that parol evidence is incompetent to dispute the orders of a board of supervisors. Such "a record imports absolute verity, and must be tried by itself; it cannot be impeached by parol evidence." Mullins v. Shaw, 77 Miss. 900, 909, 27 So. 602, 603, 28 So. 958. See, also, Smith et al. v. Board, 124 Miss. at page 41, 86 So. 707.

Counsel for both sides have entered upon interesting arguments on the subject of voluntary payments, but, since the point above noticed is decisive, we do not pursue the case into the several additional features presented.

Reversed and dismissed.