PETTIBONE *v.* WELLS *et al.*

(Division B. March 7, 1938.)

[179 So. 336. No. 33096.]

J. M. Morse, of Poplarville, for appellant.

John A. Yeager, of Lumberton, for appellee.

Argued orally by **J. M. Morse**, for appellant, and by **John A. Yeager**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Mrs. Pettibone was the owner of a home in Lumberton, Lamar county, Miss., which place she left in her father's care, to look after the property and collect the rent. He neglected to pay taxes on the place, and it was sold to the state in April, 1932; and, not being redeemed, title ripened in the state. Thereafter, in November, 1935, the

state sold the property to a Miss Breedlove, giving a patent therefor; and she, in turn, sold it to Charles Wells. Suit was instituted, and, Mr. Wells dying, the suit was revived against his widow and minor children. A guardian ad litem was appointed for the minors. The appellees filed a cross-bill praying for confirmation of the tax title; and on the trial the court below dismissed appellant's bill, and entered a decree on appellee's cross-bill, confirming the title. The question for decision here is whether the tax title is valid, because of the failure of the Board of Supervisors to recite alleged jurisdictional facts. Title to the land had passed out of the United States government, and was deraigned in the pleadings, and the land was subject to taxation.

At the August, 1930, meeting, the Board of Supervisors (having equalized the roll at the July meeting, entered an order with reference to tax proceedings, giving notice to the taxpayers in the following words and figures:

"To the Tax-Payers of Lamar County, State of Mississippi:

"You will please take notice that the assessment of real and personal property on the rolls for 1930 have been changed and corrected by this Board so as to comply with the laws of this state, and that said revised rolls are now open for examination, and that any objection to any assessments contained in said revised rolls must be made in writing and filed with the Clerk of this Board on or before the first Monday of August, 1930, at his office in the town of Purvis, said county, and that any or all assessments to which no objection is then and there made, will be made final.

"This the 23rd day of July, 1930.

"The Board of Supervisors of Said County,

"By J. D. Sumrall, Clerk of Said Board."

"In the Booster, a newspaper located and published at Purvis, Mississippi, which notice was published and cir-

culated by said newspaper on the 24th day of July, 1930, in said county, and was on the 23rd day of July, 1930, posted in the courthouse in the town of Purvis, in said county, by said Clerk) met in Lamar county courthouse, on the 4th day of August, 1930, being the first Monday of August, 1930, and continued in session from day to day, hearing objections to assessments, taking testimony of witnesses and examining books, records and papers with reference to the assessment of property. It made such changes in the assessments (as fixed by it on the rolls at its July, 1930, meeting) that it was satisfied should be made to fix assessments of property at its actual value so as to establish an equality and uniformity of taxation according to value among the taxpayers of said County. Now, being satisfied that said assessment rolls contain assessments fair, equal, uniform and just, according to the value of the real and personal property therein described, it is, therefore, hereby ordered that the said rolls and the assessments therein now contained be and they are hereby accepted, approved and made final, and that the final recapitulations of said assessment rolls be certified to the State Tax Commission on the blanks furnished it, and as required by law.''

It is contended that this notice was insufficient to confer jurisdiction on the Board of Supervisors, because the order above recited did not specifically adjudicate that the proof of publication was on file at the August meeting, showing when, and what, notice was given, and the publication and posting of the notice. Second, that it did not show that the assessor was present at the August meeting of the Board of Supervisors, as required by the statute; and, third, that the notice was published only one time in the newspaper; and that a subsequent issue of the paper was printed between the giving of the notice recited in the order and the meeting of the board the first Monday in August; and that the law contemplates that notice shall be continuously published until

the board meets. The statute with reference to notice is section 3162, Code 1930, which reads as follows:

"The board of supervisors shall immediately at the July meeting proceed to equalize such rolls and shall complete such equalization at least ten days before the August meeting, and shall immediately by newspaper publication notify the public that such rolls so equalized are ready for inspection and examination. In counties having two judicial districts the board shall by order designate on what days during August it will begin in each of the two districts upon its hearing of objections, and these days shall be named in the said notice, and the board shall be authorized to hold its sessions in the two districts respectively as designated in the order aforesaid. The foregoing provision with reference to counties with two judicial districts shall apply to any subsequent meetings whereof notice to taxpayers is necessary to be given."

It is, of course, well settled in this state that a Board of Supervisors is a court of special and limited jurisdiction in assessing property for taxation, and that the records of the Board of Supervisors should affirmatively show all jurisdictional facts to have existed when the board proceeded to act in making the assessment roll final, and in its proceedings in equalizing and assessing taxes. Henderson Molpus Co. v. Gammill, 149 Miss. 576, 115 So. 716; Gordon v. Smith, 154 Miss. 787, 122 So. 762; McDevitt v. Walls, Miss., 122 So. 766; State ex rel. Knox v. Wyoming Mfg. Co., 138 Miss. 249, 103 So. 11; Monroe County v. Minga, 127 Miss. 702, 90 So. 443; Board of Sup'rs of Lowndes County v. Ottley, 146 Miss. 118, 112 So. 466; Robertson v. Bank, 115 Miss. 840, 76 So. 689; Austin-Western Road Machinery Co. v. Webster County, 170 Miss. 601, 154 So. 723; People's Bank of Weir v. Attala County, 156 Miss. 560, 126 So. 192.

We are of the opinion that the order of the Board of Supervisors above set out, showing that notice was published in the Booster, a newspaper located and published

in the county, and the posting of notice, as therein recited, was a sufficient compliance with the requirements of the law to confer jurisdiction. We think the recital of publication, and of posting, in the said order, necessarily show that proof of publication was on file, in accordance with the requirements of law. The recitals show publication, and the statute does not specifically require the order to recite the evidentiary facts showing that publication had been duly proven and filed by the publisher. The inference must be drawn that such was the fact, for the order does show that publication was made, and the board must have had proof of publication before it, in order to determine the facts recited in the order. It is true that this court has held that proof of publication must be on file, and that proof could not be made by production of copies of newspapers, showing publication in them, although such newspapers were required by law to be subscribed for, and kept on file in the chancery clerk's office. It is the publication of the notice in the manner prescribed by the statute above quoted that brings the taxpayers into court, and they usually get the notice from the newspaper publication. Proof of publication, as prescribed by section 1595, Code 1930, is for the purpose of showing the Board of Supervisors that publication had certainly and definitely been made, as required by law. The publication of the notice is the jurisdictional fact, while the proof of publication is an evidentiary fact, showing the board that its direction had been complied with.

The board found as a fact that the publication had been duly made; and it is the ultimate jurisdictional facts, as distinguished from the evidentiary facts, which are required to be recited in the order of the Board of Supervisors.

In People's Bank of Weir v. Attala County, supra, at page 565 of 156 Miss., 126 So. 192, 193, the court said: "Touching the further contention under this head that, admitting that the order sufficiently shows that the no-

tice with its proof was before the board, yet the order does not show except by legal conclusion that the notice and proof were in fact in such terms as to give the board jurisdiction, we say that the recital of the order contains an express adjudication of the essential legal facts, and we see no more reason that in such an order the details shall be set out than that in an order of a board adjudging that a petition contains a majority of the qualified electors the order shall recite the names or copy the petition, or that in a judgment by default a court shall set out the details of the facts of the summons and its execution upon defendant, and when and how. Such an order last mentioned is usually in such terms as these: 'And it appearing to the court that the defendant has been duly and legally summoned,' or similar words and terms. The point was expressly adjudicated against appellee's contention in Hinton v. Board of Sup'rs of Perry County, 84 Miss. 536, 546, 36 So. 565.''

In Crump v. Tucker, 149 Miss. 711, 115 So. 397, it was held that the publisher's affidavit is evidence, but not conclusive, of due publication of notice. In Alvis v. Hicks, 150 Miss. 306, 116 So. 612, 615, the court said: ''Appellants argue further that the recital in the two orders that ten days' legal notice had been given, as required by law, was insufficient; that the orders should have set out the manner of the giving of notice, so that it could be determined from the face of the orders whether or not the law had been complied with in that respect. We do not think appellants' contention is well founded. In each of the orders the city council adjudicated the fact that the law had been complied with, and that ten days' notice had been given, as required by law, of the equalization meetings of the city council. It was not necessary for the council to set out in its orders how the notices were published—whether by newspaper, posting, or both. Although the jurisdiction of a council sitting as an equalization board is special and limited, and the jurisdictional facts must appear on their min-

utes, that does not mean that in their minutes it is necessary for them to set out all the evidence constituting the jurisdictional facts."

In the recent case of Martin v. Board of Supervisors, Miss., 178 So. 315, 320, we held that in order to support judgments of courts of special and limited jurisdiction the facts conferring jurisdiction must be affirmatively found to exist, and should appear upon the records or minutes; whereas it is presumed that the necessary jurisdictional facts exist where the judgment was rendered by a court of general jurisdiction; that, where the Board of Supervisors finds a jurisdictional fact in support of the judgment in a local option election, the judgment is entitled to the same force and effect with respect to such fact as the judgment of a court of general jurisdiction; that orders of a board or court administered by men unlearned in technical requirements should not be strictly construed. This court said on page 320 of that case, " 'The minutes of boards of supervisors reciting their orders and judgments, like those of justices of the peace will be looked upon with indulgence. Although they may be unskillfully drawn, if by a fair and reasonable interpretation their meaning can be ascertained, they will be sufficient to answer the requirements of law.' Noxubee County v. Long, 141 Miss. 72, 106 So. 83, 85. It is necessary for the jurisdictional facts to appear in the record; but the language in which such recitals are made need not be such as a skillful lawyer would use."

See, also, Grenada Bank v. Moorhead, 160 Miss. 163, 133 So. 666; Adams County v. Bank of Commerce, 157 Miss. 249, 128 So. 110; Scott County v. Dubois, 158 Miss. 245, 130 So. 106.

The requirement that the assessor attend the meeting of the board at which objections to the assessments are made is not a jurisdictional requirement; the purpose of having the assessor present is not to confer jurisdiction on the board, but to advise with it in reference to the matters in controversy, he having made the assessment

roll originally, and in many instances having information that would be helpful in such questions as arose in regard to the assessment rolls as made by the assessor, and as corrected and equalized by the board.

The statute with reference to the publication of notice to the taxpayers does not require that publication be made in more than one issue of the paper; the statute contemplates that there may be only ten days between the act of the board in making the equalizations at the July meeting, and the act of the board in passing on objections at the August meeting; and it is quite possible, and probable, that in many cases there would only be one issue of a paper published in a particular county in the interval between the completion of the equalization, and the meeting of the board at which objections by the taxpayers would be passed on.

We find no reversible error in the case, and the judgment will be affirmed.

Affirmed.