McKenzie *v.* Smith, et al.

Feb. 1, 1954

No. 38865          51 Adv. S. 51          70 So. 2d 3

*Fleet C. Hathorn, Jr.,* Hattiesburg, for appellant.

854

*M. M. Roberts, Joe A. Thompson,* Hattiesburg, for appellee Humble Oil & Refining Company.

*Alfred Moore,* Hattiesburg, for appellee Hobart A. Smith.

HALL, J.

On July 6,\1931, the sheriff and tax collector of Perry County sold to the State for delinquent taxes for the

year 1930 the eighty acres of land involved in this suit. On May 6, 1941, appellee obtained from the State a tax forfeited land patent for this land. W. D. McKenzie, the owner of the land at the time of the tax sale, brought this suit in 1948 seeking to have the said tax sale declared void. At the trial, the chancellor held that the tax sale was valid and further held that if it were invalid the alleged defects in the tax sale were cured by the two-year statute of limitation pertaining to tax sales to the State, Section 717, Code of 1942. McKenzie died while this appeal has been pending and the cause has heretofore been revived in the names of his heirs at law, Mrs. Elizabeth Mixon McKenzie, Mrs. Martha McKenzie Hamilton, and Mrs. Mary Lou McKenzie Priest.

1. ██ ■ Appellants contend that the assessment of the lands in question for the year 1930 was invalid for the following reason: After the assessment roll had been certified to the State Tax Commission, that body entered an order directing the board of supervisors to decrease the assessment of uncultivatable lands (in which class the lands in question fell) by 25%. Pursuant to the provisions of Section 3178, Code of 1930, which is the same as Section 9802, Code of 1942, the president of the board called a meeting of the supervisors by written notice. The notice was dated September 25, 1930, and the meeting was to be held on September 30, 1930. This notice was published in the county weekly newspaper in the issue which bore the date-line of Friday, September 26, 1930, which would be one day short of the five days publication required by said Section 9802. When the Board met on September 30 an order was entered on its minutes adjudicating the fact to be that the notice was published on September 25, 1930. The owner and publisher of the newspaper in which the notice was published was offered as a witness by appellant and testified at the trial that the paper was always dated on Friday but that as a matter of fact the paper was always actually published not later than the preceding Thursday. The minutes of

the board contain every adjudication of fact necessary to confer jurisdiction upon it to consider the assessment roll on September 30. Those minutes import absolute verity and cannot be impeached by parol evidence. Scott County v. Dubois, 158 Miss. 245, 130 So. 106. See also Pettibone v. Wells, 181 Miss. 425, 179 So. 336, and Entrekin v. Tide Water Associated Oil Co., 203 Miss. 767, 35 So. 2d 305.

■■■ It is a matter of common knowledge that in almost every city of the land daily morning newspapers are published and in circulation and may be purchased on the streets the evening before their date, and that nearly all the national magazines may be bought on the news stands several days prior to the date which they bear. ■■■ It is our conclusion that the necessary five days notice by publication was given and that consequently there is no merit in the contention that the assessment is void for failure to give the notice.

2. On April 6, 1931, the sheriff and tax collector conducted a sale of lands delinquent for taxes for the year 1930, that date being the first Monday in April and being the date fixed by law for such sale by Section 3249, Code of 1930, which was the statute governing such sales at that time. His certificate of this sale shows several sales to individuals and also several sales to the State. The certificate is dated April 6, 1931, which indicates that he concluded the sale on that date. On April 7, 1931, the board of supervisors entered an order, pursuant to Section 3252, Code of 1930, adjudicating the fact to be that the sheriff and tax collector had not sold all the real estate on which the taxes were delinquent and directing him to make a sale of such lands on the first Monday in July, 1931. Pursuant to that order a second sale was conducted on the first Monday of July, 1931, as to the lands which had not been sold on April 6, 1931, and the lands here in question were then struck off and sold to the State. It is contended that the sale is void because under said Section 3249 the sheriff and tax collector was

required to continue his sale from day to day until he had sold all lands which were delinquent for taxes and that the sale was still in progress on April 7, 1931, for which reason the board of supervisors was without authority to continue the sale to the first Monday in July. ▮▮ The fallacy in that argument is that the tax collector's certificate of sale shows that he concluded his sale on April 6, for the certificate is so dated. Presumably all prospective bidders who may have been present on April 6 were not advised that the sale would be continued on the following day. ▮▮ At any rate, after the tax collector had concluded his sale on April 6, and the board of supervisors learned on the following day that he had failed to sell all lands on which the taxes were delinquent, the board was fully authorized by Section 3252, Code of 1930, to then order another tax sale to be held on some subsequent date to be fixed by the board. That is exactly what was done in the present case.

By Chapter 25, Laws of 1931, the legislature fixed as the regular days for sales for delinquent taxes the first Monday in April and the third Monday in September of each year. That Act became effective October 31, 1931, and it was later amended by Section 28, Chapter 188, Laws of 1934. Appellant relies on a number of cases which have been decided by this Court under the 1934 law to the effect that the board of supervisors has no authority to order a sale of lands for delinquent taxes until after the second date fixed for such sale has passed, i. e., the third Monday in September. Those cases follow an early decision to the effect that the board cannot order a sale on some date other than that fixed by law until after the date fixed by law has passed. The trouble with appellant's argument is that in the case at bar the board did not enter an order for the tax sale until after the date fixed by law had passed. We conclude that the tax sale is valid and this makes it unnecessary for us to consider the question whether the evidence as to adverse possession under Section 717, Code of 1942, is sufficient

to support the decree for the reason that appellee obtained a good title to the land without the necessity of adverse possession.

Affirmed.

*McGehee, C. J.,* and *Holmes, Arrington* and *Ethridge, JJ.,* concur.