YAZOO DELTA INVESTMENT CO. *v.* J. A. SUDDOTH, CLERK, ETC.

1. ASSESSMENT. *Approval of roll. Coahoma county. Laws 1892, p. 362.*

   At a meeting of the board of supervisors of Coahoma county, in the first district thereof, for the purpose of equalizing assessments, an order was made assuming to change the valuation of certain lands situated in the second district, and the clerk made the changes on the roll as directed. *Held,* that this was unauthorized and void; but, as the board, at its next meeting in the second district, accepted and approved the roll as altered, the approval was good.

2. SAME. *Changes noted on roll. Approval. Code 1892, § 3793.*

   In equalizing assessments, all changes made by the board of supervisors must be noted on the roll itself, for, when completed, it is the warrant under which the collector acts. It is not necessary for the minutes of the board to show each specific change made. After all corrections are made on the roll, it is to be approved by a general order. Code 1892, § 3793.

3. ASSESSMENT.    *Conclusive effect.    Failure to appeal.    Code* 1892, §§ 80, 3793.

    Tax-payers failing to appeal from an order of the board of supervisors approving an assessment are concluded thereby.  Code 1892, §§ 80, 3793.

FROM the circuit court of the second district of Coahoma county.

HON. R. W. WILLIAMSON, Judge.

The opinion states the case.

*Cook & Anderson* and *Cutrer & Cutrer*, for appellant.

The sole purpose which actuated the legislature in passing the act dividing Coahoma county into two judicial districts was to afford the people residing in each of the subdivisions greater convenience and less expense in transacting public business. Keeping this purpose in view, there can be no difficulty in arriving at a proper construction of the act. Its purpose must be made effective, or the main thing which brought about the enactment of the law, especially this section relating to assessments, will be defeated. A statute cannot be abrogated by a strained construction of its plain language. *Bonds* v. *Greer,* 56 Miss., 710 ; *Railroad Co.* v. *Gregory,* 58 Am. Dec., 589, and note.

Aside from the proper construction of the act, which required that the rolls for the second district should be examined at Clarksdale, and not at Friar's Point, we submit that the order of the board made at the latter place was not broad enough to effect any change of the roll. The board cannot act except by the orders entered on its minutes. Code 1892, § 287 ; *Clayton* v. *McWilliams,* 49 Miss., 311 ; *Bridges* v. *Clay County,* 58 *Ib.,* 817. Every action taken on any subject must be evidenced by the entries on the minutes. *Crump* v. *Supervisors,* 52 Miss., 107.

The order must point out what changes are made in the roll, either specifically or by the employment of such language as will enable any person to ascertain from the minutes the action taken by the board. No other rule would be

practicable. The clerk may understand the intended action of the board one way, and the members or individuals another.

It is manifest that the order at Friar's Point does not effect any change in the roll as filed by the assessor. It does not in any manner identify the alterations which it is claimed the board intended to make, nor the effect of the alleged changes.

The utmost effect of the board's action, both at Clarksdale and at Friar's Point, was the approval of the rolls as filed by the assessor. On this point, see *Lacey* v. *Davis*, 66 Am. Dec., 524. We insist that the proper place to take action on the roll for the second district was at Clarksdale, and, that being true, the order certainly approves the roll filed by the assessor.

All allegations of fact, and admissions of the board outside the record, are merely surplusage, and present no issue. See *Phelan* v. *San Francisco*, 6 Cal., 531. Section 3794, code 1892, positively requires an order of approval entered on the minutes, or the roll filed by the assessor will be approved by operation of law. The manifest purpose of the statute is to regard each roll as distinct, on which action is to be taken separately, just as if there were two counties. The demurrer should have been sustained.

But, if the legislative will, plainly expressed as to the two districts, must be defeated, still the demurrer of the appellants was well taken, for no authority is shown in the clerk to alter the assessment rolls filed by the assessor. The action of the board had no effect other than the approval of the roll without change.

*Mayes & Harris*, on the same side.

*Yerger & Yerger*, for appellee.

1. Even if we admit that the action taken by the board at Friar's Point on the roll for the second district was illegal,

yet the subsequent action at Clarksdale operated as an approval of the corrected roll, and not of the roll as originally filed by the assessor. The board had before it the roll as corrected, and the action was taken on this roll.

2. It was not necessary that entries should be made on the minutes of the board. to identify all the corrections. The statute requires the board to meet and hear objections and make corrections, and to approve the roll. It is contemplated that this should be done by a general order. Code 1892, §§ 3792, 3794. The case of *Lacey* v. *Davis*, 66 Am. Dec., 524, is not applicable, as the statute there construed was materially different from ours, in that it required the order to be entered on the journal.

The judgment should be affirmed.

Argued orally by *E. Mayes*, for appellant.

COOPER, J., delivered the opinion of the court.

By an act approved February 19, 1892 (Laws of 1892, page 362), the county of Coahoma was divided into two districts, the court-house for the first district being fixed at Friar's Point, and that for the second at Clarksdale. By the eleventh section of this act the board of supervisors was required to hold its meetings alternately at Friar's Point and Clarksdale, holding the first meeting at Friar's Point. The twelfth section of the act has relation to the making and return of the assessment-rolls by the assessor, and action thereon by the board of supervisors, and is as follows :

"It shall be the duty of the assessor of Coahoma county to file with the clerk of the chancery court of said county two copies each of the land and personal assessment-rolls of said county, filing one of each with the said clerk at his office at Friar's Point, and one of each at his office at Clarksdale; and said board of supervisors, in passing on said assessment-rolls, shall, at the proper meeting held by them at Friar's Point, approve so much of the same as shall relate

to and embrace property included and being in the first district of the county; and, at the proper meeting held in Clarksdale, they shall act on and approve so much of said roll as shall embrace and include the property within the second district of said county, in all things acting upon said rolls, so far as the territory embraced in each of the respective districts is concerned, in the same manner as though the action on, or approval thereof, related to the approval of assessment-rolls of different counties; and the assessor and clerk shall provide suitable copies of said entire rolls, as finally approved, in all instances when required by law, as though said rolls related to different counties; *Provided*, That only one copy of each shall be required to be filed with the auditor of public accounts when the rolls shall have been approved for, and so far as the same shall relate to, each of said districts."

The assessor of the county completed and returned the rolls as required by law, and the board of supervisors, at the proper meeting for the transaction of business at Friar's Point, took up and considered the land assessment-roll of the whole county. At this meeting the board did not confine its examination to so much of the roll as related to lands in the first district, as by law it was expressly enjoined to do, but extended its action to lands indifferently in both districts.

The appellant was the owner of a body of land in the second, or Clarksdale, district, which had been assessed at from one to two dollars per acre. This assessment the board, at this meeting, increased to four dollars per acre. It then directed its clerk, the appellee, to so change the roll which had been filed by the assessor at Clarksdale, as that it would conform to the roll filed at Friar's Point, as changed by its action thereon.

In conformity with this direction, the clerk made the alterations, and at the next meeting of the board at Clarksdale, presented the roll, so altered, to the board, which, thereupon, made the following order: " Ordered by the board, that the

assessment-roll for the second judicial district be approved and accepted, the same having been on file with the clerk for the time required by law."

The appellant being dissatisfied by reason of the increased valuation of its land, instituted this action of mandamus against the clerk of the board of supervisors, by which it seeks to compel him to disregard the changes made in the roll in so far as the same relates to lands in the second district, and to make up and certify to the auditor and tax-collector copies of the roll in so far as it relates to such lands, just as it was when filed by the assessor.

The facts above set forth appear by the petition of appellant and by the plea of the clerk, to which plea the petitioner demurred, and, its demurrer being overruled, declined to plead further, and appeals.

It is too clear for contention that the action of the board at its meeting at Friar's Point was a nullity in so far as it related to the assessment of the lands situated in the second district, and its direction to the clerk to change the roll of that district afforded no authority to him so to do. The act of the board and of its clerk were equally unlawful, and constituted nothing more than a spoliation of the roll as returned by the assessor. If the validity of the final act of the board at Clarksdale depended in any degree upon what it did at Friar's Point or upon the action of the clerk in making the changes as directed, the contention of the appellant that no lawful alteration had been made of the roll as returned by the assessor, would be supported.

But the unlawful action at Friar's Point cannot affect what was afterwards lawfully done at Clarksdale. At the proper time the board convened at that place, and examined and approved the roll as altered by the clerk. It was competent for the board, at that time and place, to examine the roll in so far as it related to lands in the second district, and to increase the valuation of any property which, in its judgment, had been assessed too low (Code 1892, § 3788), and all persons

interested are declared to be charged with notice thereof (Code, § 3791), and may appeal to the circuit court, if aggrieved by the decision of the board (Code, § 80).

The mere clerical act of noting on the roll the increase of the valuation may be done by the assessor or by the clerk of the board, if under its direction and in pursuance of it judgment. The fact that the roll had first been altered, and, as altered, was approved, presents the precise result which would have been reached if the supervisors had, at their meeting at Clarksdale, taken up the roll as returned by the assessor, and there made the changes. The board was in session at the proper time and place; it had power to examine and equalize the assessment, and to increase the valuation of the lands of appellant, if, in its judgment, they had been undervalued. The law points out no particular course of proceeding, and that resorted to was violative of no right of the tax-payer, who is fully protected by the right secured to him of appeal to the circuit court.

It is finally contended by appellant that if the power be conceded to the board to give validity to the alterations of the roll made by the clerk under the invalid order made at Friar's Point by an order subsequently made at Clarksdale, that the order appearing on the minutes of the Clarksdale session is not sufficiently definite and specific to operate as an approval of the roll as altered, but must be held to be an approval of the roll as it appeared when returned by the assessor; and this contention includes the proposition that it was necessary for the minutes of the board to show each specific change made by it on the roll.

We are of opinion that the order made by the board, under the facts disclosed in the plea of the defendant, which are admitted by the demurrer to be true, was sufficient to adopt the roll as it stood when the order was made. Manifestly, all changes made by the board must be noted on the roll, for it, in its completed form, is the warrant upon which the collector acts in collecting the taxes due, and a copy of the roll

filed with the auditor constitutes the charge against the collector for all taxes due to the state.

Section 3788 of the code directs that the roll shall be examined and corrected, and § 3793 provides that the board shall cause to be assessed any property omitted, and to correctly value any property found to be undervalued, and to correct any erroneous description of property found on the roll. All of these things must be done by changes upon the roll itself, for, as we have said, the roll, when completed, is the evidence of the sums due by the persons and property assessed, and is the warrant for action by the collector. But that this is the proceeding contemplated by law, is clear from the concluding paragraph of § 3793, which is: "And the board shall cause all corrections to be made in the rolls, which, being done, the board shall enter an order approving the assessments, with or without corrections, as the case may be, subject to the right of parties in interest to appeal as provided by law."

If the order of the board approving of the roll, be treated as judicial in its character, as appellant contends it to be, it is yet competent to show, by parol evidence to what it relates, to apply it to its subject. 1 Freeman on Judgments, § 273.

The plea of the defendant sets up that the roll had been altered by him before the meeting of the board at Clarksdale, and that it was the altered roll which was examined and approved by the board. This averment is admitted to be true by the demurrer, and, being true, it shows a lawful exercise of its jurisdiction by the board; and from its judgment, so rendered, the appellant, if dissatisfied, should have appealed. Having failed so to do, he is concluded by the roll as approved by the board.

*Affirmed.*