LOUIS COHN & BROS. *v.* LINCOLN COUNTY.

[81 South. 492, In Banc, No. 20635.]

1. TAXATION. *Increasing valuation. Appeal. Statute.*

Under section 81, Code 1906 (section 61, Hemingway's Code), providing that any person aggrieved by the decision of the board of supervisors may appeal, etc., an appeal lies from a decision of a board of supervisors increasing the assessors' valuation of property for taxation, though the person aggrieved by the decision did not object thereto in any way.

2. SAME.

Section 4296, Code 1906, (section 6930, Hemingway's Code), deals only with the assessment roll as returned by the assessor and not with increases in the valuation of property therein assessed made by a board of supervisors under section 4297, Code 1906 (Section 6931, Hemingway's Code).

3. APPEAL. *Questions not to be considered.*

The supreme court on reversing a case is not called upon to decide questions that will properly arise only when the case is tried in the court below on its merits.

APPEAL from the circuit court of Lincoln county.

HON. D. M. MILLER, Judge.

Taxation proceedings by Lincoln County against Louis Cohn & Bros. From a decision of the board of supervisors of the county as to assessments, the owner appealed. The County's motion to dismiss the appeal was sustained and the owners appeal.

The facts are fully stated in the opinion of the court.

*Luther L. Tyler* and *R. H. & J. H. Thompson,* for appellant.

The only question presented by the record is this: Where a taxpayer is satisfied with and makes no complaint of his assessment as made by the assessor, but is dissatisfied with an order of the board of supervisors increasing largely the value of his property as fixed by the assessor, made without his knowledge on the day

the board adjourned, can he thereafter, within five days following the adjournment of the board prosecute a valid appeal from the order?  In other words, in such case does the failure of the taxpayer to know of the action of the board of supervisors and to present objection to its order, preclude an appeal therefrom to the circuit court?  The statute, Mississippi Code 1906, section 81, providing for the appeal, does not in any way require as an essential to an appeal that the taxpayer shall make written or other objection to the action of the board of supervisors or that the board shall have been moved or asked to set aside or vacate its order increasing an assessment.  If the statute makes no such requirement, the courts cannot enlarge its terms or make anything an essential to an appeal not therein prescribed.

It is true that Mississippi Code 1906, section 4296, provides that any taxpayer who is dissatisfied with his assessment (meaning the assessment made by the assessor) may . . . present his objections thereto (to the board of supervisors) in writing . . . and that ''all persons who fail to file objections (to the assessment made by the assessor) shall be concluded by the assessment and precluded from questioning its validity after its approval by the board of supervisors, or by operation of law, except minors and persons *non compos mentis.*''

It seems to us that section 4296 deals alone with the assessment as made by the assessor; that the objections required to be filed are objections alone to assessments made by the assessor, and the section cannot be construed to require written objection as to the order of the board of supervisors increasing the valuation of property as fixed by the assessor.

The order of the board appealed from in this case was made on the day the board adjourned.  There are several thousand taxpayers in many counties of the state, certainly more than one thousand in Lincoln

county and it would be physically impossible for even one-third of them to be in actual attendance on the board during the last day of its session. It is impossible for the taxpayers to know that their assessments will be, or will not be, raised just preceding the adjournment of the board, and we, therefore, affirm that if this court decides that a written objection is a prerequisite to an appeal from an order of the board of supervisors increasing the value of property as fixed by the assessor for taxation, then the board of supervisors are beyond the control of the courts in such matters; the board can make one order increasing one thousand or more assessments and adjourn as soon as the order is transcribed on its minutes, denying thereby the taxpayers all remedy. The law does not contemplate such power, and has not placed arbitrary powers in the board of supervisors.

This court decided in the case of *Simmons* v. *Scott County,* 68 Miss. 37, that under Mississippi. Code 1880, section 499 (the prototype of Mississippi Code 1906, section 4296) a tax payer "whose property is properly valued on the assessment roll has no occasion to file objections, as provided by p. 499 of the Code" of 1880, "or to attend the meeting of the board as provided in p. 503," the prototype of Code 1906, p. 4297. It is true that in the Simmons case the taxpayer, the value of whose property, as fixed by the assessor was raised, made application to the board of supervisors at a subsequent meeting for relief and appealed from an order denying his application, but this does not weaken the decision as an authority in appellant's favor. Louis Cohn et al., appellants, could no doubt have made application to the board of supervisors at a subsequent term to vacate the order increasing the value of their property, but were not required to do so. No statute so requires and there is no authorization for the presentation of motions for new trials or suggestions of error to the board of supervisors in such cases. Written ob-

jections to assessments are required only where the taxpayer is dissatisfied with the assessment made by the assessor.

Wherefore, we respectfully submit, the judgment appealed from should be reversed and cause remanded in order that it may be tried upon its merits.

*H. V. Wall, J. Y. McNair* and *P. Z. Jones,* for appellee.

All the grounds of the motion to dismiss lead up to and really present one single dominant controlling question, namely: That no issue was presented to the board of supervisors and no opportunity given there for an adjudication of the case which was carried by the appellants to the circuit court. That before the appellants could legally get into the circuit court they must commence with the board of supervisors.

On another subject but as persuasive argument on this point we call the attention of the court to section 311, Code of 1906 (section 3684, Hemingway's Code), and the annotations and decisions thereon, requiring that claims be first presented to the board of supervisors before suit may be brought against the county.

The Code sections 4296, 4297 and 4305, Code of 1906 (sections 6930, 6931 and 6939, Hemingway's Code), on the subject of assessment for taxes embody the same principle. The board of supervisors in passing upon assessments acts judicially; sitting as a body it constitutes a court of original jurisdiction and under section 81, Code of 1906 (section 61, Hemingway's Code), the circuit court is a court of appellate jurisdiction.

A suit about taxes cannot be instituted for the first time in the circuit court; at least a suit about assessments cannot. There must be a trial and a hearing before the board of supervisors. The circuit court has no jurisdiction of the cause until there has been an adjudication in the court below.

Under section 4296, Code of 1906, it is provided that the assessment rolls shall remain on file and be subject to objections for at least two weeks, and until the next regular meeting of the board. "A person who is dissatisfied with the assessment may, within such time, present his objections thereto in writing, which shall be filed by the clerk and docketed and preserved with the rolls. All persons who fail to file objections shall be concluded by the assessment and precluded from questioning its validity after its approval by the board of supervisors, or by operation of law, except minors and persons *non compos mentis.*"

By section 4297 it is provided that "the board shall examine the assessment rolls and hear and determine all exceptions thereto, and shall sit from day to day until the same shall have been disposed of, and all proper corrections made; and the board shall equalize the assessment and may increase or diminish the valuation of any property, so that property of the same value shall be assessed for an equal sum."

By section 4303, Code of 1906, it is provided that the assessor shall give notice of the filing of the roll and "that all persons shall be held to have notice of the time within which to file objections to assessments and of the time when the board of supervisors will hear the same; and of its power to raise assessments thereat."

By section 4305, Code of 1906, the board is required to hear objections, carefully examine the rolls, cause anything or person omitted therefrom to be properly assessed and to correctly value any property found to be undervalued. It shall cause all corrections to be entered and made in the rolls.

We contend that objections and exceptions must be filed to an assessment in writing before the board of supervisors and that the board must be given an opportunity to hear and determine the same before the right of appeal exists. The board is the court of first and primary jurisdiction.

The claim that the board raised the assessment on the last day of the term and adjourned without an opportunity to the taxpayer to file this objection and exception in writing is no answer to this contention as we see and understand these statutes. This right by an appeal may not be the taxpayer's only remedy. We do not contend that he is without remedy. There may be several ways for him to get the question adjudicated. But if he desires to test the matter out by way of an appeal, then he must wait until the next meeting of the board as was done in the case of *Simmons* v. *Scott County,* 68 Miss. 37, and file his petition, objections or exceptions to the roll and give the board of supervisors an opportunity to correct the assessment if an error has been made by way of over valuation or otherwise.

Something must be started in the court below and by the tax payer. He must file his complaint and the board must adjudicate and determine the question raised by this complaint before this right of appeal lies.

If the taxpayer is deprived of his right to appeal because the board without notice to him or an opportunity to file the written objections and exceptions contemplated by sections 4296 and 4297, Code of 1906 (sections 6930 and 6931, Hemingway's Code), then he is remitted to section 4312, Code of 1906 (section 6946, of Hemingway's Code), the prototype of the section which saved the taxpayer in the case of *Simmons* v. *Scott County, supra.*

Section 81, Code of 1906 (section 61, Hemingway's Code), provides that "any person aggrieved by the decision of the board of supervisors—as to the assessment of taxes, may, within five days, etc., appeal." What is the taxpayer aggrieved at in this case? The assessment of Louis Cohn and Bros. at nineteen thousand dollars or the raise of the assessment of "Conn Bros." in the sum of sixteen thousand dollars. There is no complaint that nineteen thousand dollars against

Louis Cohn and Bros. is an unjust and unfair assessment, and there is no complaint that the raise of the assessment of "Cohn Bros. in the sum of sixteen thousand dollars was improper. There is no pleading in the record and no legal or competent evidence that these two concerns is one and the same.

It is certainly true as counsel for appellants argue, or at least in so far as we believe that the board of supervisors is no court to hear and determine motions for new trials, or suggestions of error in the sense this term is used by counsel.

But it is certainly true as a legal proposition that the board of supervisors if we are correctly informed is the court of original and first jurisdiction and of supreme importance when it comes to a question of assessments for taxes, and being the court of original jurisdiction, the fountain source, it is certainly not unreasonable to require a person who complains of his assessment to begin at the source by pointing out in some manner what it is that he objects to and what his grievance may be, until he does this there is nothing from which he may appeal. It is certainly fair to the board also that it be given an opportunity to set itself right in case it has made a mistake.

The proceeding as now presented contains nothing for this court to pass upon, either under sections 4296, 4297 and 4305, Code of 1906, requiring written exceptions to be filed with the board or under section 4312, Code of 1906, which enumerates the cases where the board may consider questions of assessment for taxes at any time.

Again taking up section 81, Code of 1906, we find it providing on the subject of appeals from assessments for taxes what the bond shall be and its condition or by whom it shall be approved, and that the clerk "upon the filing of the bond, shall make a true copy of any papers on file relating to such controversy, and file such copy certified by him, with said bond in the office of the clerk of the circuit court, on or before its next

term; and the controversy shall be tried anew in the circuit court at the first term, etc."

What papers has the clerk copied and certified to in this case? This section by the very terms used presupposes that some sort of papers would be found relating to the assessment, in other words, that exceptions and objections would be on file there as contemplated by the sections of the Code on the subject of taxation and assessment. There is in this record a copy of no papers other than the organization order of the board at the August meeting and the order approving the assessment rolls as corrected. It seems to us that this is pretty general. The record does not contain or show nor purport to show a copy from the assessment roll of the portion pertaining to the assessment of Louis Cohn and Bros. If so we ask what page and what line and under what election or voting or taxing precinct the assessment copied may be found. There is nothing there but the clerk's bare statement. There is no certified copy.

It is just the same as Louis Cohn and Bros. walking into the court house and into this court and saying:" We are dissatisfied with our assessment and want it changed. It is true that we never filed in writing anything with the board of supervisors showing the grounds of our objections, but we prefer not to do that and desire to try the matter out in the circuit court or in the supreme court for the first time, and to state our case when it is called for hearing and not before."

This is an extreme illustration but it states forcibly the question here as we see it. The principle is analogous because the circuit court is not a court of original but of appellate jurisdiction in this sort of a controversy and there must have been an adjudicating of a litigated and controverted issue in the court where the cause originated before it can be heard on appeal.

We submit that the judgment of the lower court ought to be affirmed.

SMITH, C. J., delivered the opinion of the court.

The appellants appealed to the court below from a decision of the board of supervisors of Lincoln county as to an assessment of their property for taxes. The appeal seems to be from a decision by which the assessor's valuation of the appellants' property was increased, and it does not appear from the record that this increase was objected to by the appellants. When the cause came on to be heard in the court below a motion by the appellee to dismiss the appeal was sustained.

The contentions of the appellee as they appear from the motion to dismiss may be reduced to two: First, no appeal will lie from a decision of a board of supervisors by which the valuation made by the assessor of property for taxation is increased, unless the person aggrieved by the decision objected in some way thereto; and, second, it does not appear from the record that the assessor's valuation of the appellants' property was increased by the board.

The first of these contentions is without merit, for reason that section 81, Code of 1906 (section 61, Hemingway's Code), under which the appeal to the court below was taken, provides that "any person aggrieved by the decision of the board of supervisors . . . may appeal," etc, and not that any person aggrieved by a decision of the board of supervisors, *and who has objected thereto,* may appeal. *Investment Co.* v. *Suddoth,* 70 Miss. pp. 421, 422, 12 So. 246.

Section 4296, Code of 1906 (section 6930, Hemingway's Code), invoked by the appellee, deals only with the assessment roll as returned by the assessor, and not with increases in the valuation of property therein assessed, made by a board of supervisors under sec-

tion 4297, Code of 1906 (section 6931, Hemingway's Code).

We are not called upon to determine the other question sought to be raised in the motion to dismiss, for the reason that it will properly arise only when the cause is tried in the court below on its merits.

*Reversed and remanded.*