ADAMS COUNTY *v.* BANK OF COMMERCE IN LIQUIDATION.

(Division B. May 5, 1930.)

[128 So. 110. No. 28649.]

**Brandon & Brandon,** of Natchez, for appellant.

250

Robt. Burns, Jr., F. W. Bradshaw and Flowers, Brown & Hester, all of Jackson, for appellee.

Griffith, J., delivered the opinion of the court.

The Bank of Commerce in Liquidation was assessed on the personal assessment roll of Adams county for the year 1929 in the sum or value of thirteen thousand eighty-eight dollars. The roll was regularly made and returned by the assessor; was duly examined and equalized; and proper public notice was given, as required by law, that at the August, 1929, meeting of the board of supervisors all objections made in writing would be heard and considered. No objection in writing was made at said August meeting by said bank, although an agent representing it appeared and objected orally, which objection was overruled, and the assessment was approved as returned by the assessor. On the 16th day of October,

1929, the bank attempted to appeal from said assessment, and at the November, 1929, term of the circuit court of said county the said appeal was sustained by said court, and the assessment was ordered reduced. From that judgment the county appeals to this court.

Section 7, chapter 323, Laws 1920 (section 9406, Hemingway's 1927 Code), reads as follows: "A person who is dissatisfied with the assessment may, at such August meeting, present objections thereto in writing which shall be filed by the clerk and docketed and preserved with the roll. All persons who fail to file objections shall be concluded by the assessment and precluded from questioning its validity after its final approval by the board of supervisors or by operation of law, except minors and persons non compos mentis." If the words of this statute are to be given their ordinary meaning, and all the words are to be preserved as having a proper place therein, it would seem to follow on the face of the statute that the appeal to the circuit court cannot be sustained. Admittedly the bank failed to make any objections in writing, and in consequence failed to file any objections, with the further consequence that it was concluded by the assessment. Such are the words of the statute. We are not authorized to interpret the words "present objections thereto in writing" as being no more than "make objections thereto orally" and the words "fail to file" as meaning no more than "fail to make" as is contended for by appellee. That would be to rewrite the statute, which we, of course, cannot do.

If the board had increased the assessment at the August or at a subsequent meeting, then the taxpayer could appeal without objection, either in writing or orally, Cohn v. Lincoln County, 119 Miss. 718, 81 So. 492, for there it would not be the assessment returned by the assessor and prepared by the board for hearing at the August meeting which would be the point of objection, but would be the increase on that assessment. The case of Wray v. Cleveland State Bank, 134 Miss. 41, 98 So. 442, relied on by appellee, is plainly not in point when

its facts are examined, for that case was one of a decrease in the assessment as returned by the assessor, as to which the quoted statute has, of course, no application.

Reversed and remanded.