RAWLINGS *v.* CITY OF HATTIESBURG.

(Division A. October 29, 1934.)

[157 So. 254. No. 31350.]

Hannah & Simrall and Geo. W. Currie, both of Hattiesburg, for appellant.

Heidelberg & Roberts, of Hattiesburg, for appellee.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Forrest county, Mississippi, fixing the assessable value of a banking building and lot belonging to the closed Commercial National Bank. The judgment of the circuit court, which was based upon a jury verdict, reduced the assessable value of this property from thirty thousand dollars, as fixed by the mayor and commissioners sitting as an equalization board, to twenty-six thousand five hundred dollars; and from that judgment the receiver of the said closed bank prosecuted a direct appeal, while the city perfected a cross-appeal.

The direct appeal is based solely upon alleged errors of the court below in granting instructions requested by

the city and in refusing certain instructions requested by the receiver. The instructions granted the respective 'parties appear to have fully and accurately stated the issue to be decided by the jury, and the legal principles to be applied in determining the value of the property for assessment purposes; and we do not think any of the criticisms of the action of the court below in granting or refusing instructions present reversible error.

On the cross-appeal there is assigned as error the action of the court in overruling a motion to dismiss the appeal, based upon the ground that the taxpayer failed to file before the mayor and commissioners written objections to the assessment as fixed by the city tax assessor.

In providing a scheme for making county assessments, section 3166, Code 1930, provides that, at the August meeting of the board of supervisors, any person who is dissatisfied with the assessment may present objections thereto, in writing, which shall be filed by the clerk and docketed and preserved with the roll, and that "all persons who fail to file objections shall be concluded by the assessment and precluded from questioning its validity after its final approval by the board of supervisors or by operation of law, except minors and persons non compos mentis." This section was considered in the case of Adams County v. Bank of Commerce, 157 Miss. 249, 128 So. 110, wherein it was held that there can be no appeal from an assessment, where the taxpayer did not make objections to the assessment in writing, but objected orally, except in cases where the assessment returned by the assessor has been increased by the board.

In the case at bar the ordinance under which the separate assessment of property in the city of Hattiesburg was made, provides, among other things, that: "The assessment shall be made in the manner prescribed by law for making county assessments, and the rolls, both

for real and personal property, shall be filed with the city clerk on or before the first Monday of August, of each year, and shall remain on file for thirty days for examination and inspection by all persons assessed, and any person may file with the city clerk his objections to his assessment at any time before the approval of the rolls by the mayor and board of aldermen.''

The contention of the appellant, therefore, is that the effect of this ordinance is to make all the statutes dealing with county assessments applicable to municipal assessments, and that section 3166, Code 1930, is, consequently, controlling. It is true that the provision of this ordinance, that ''any person may file with the clerk his objections to his assessment at any time before the approval of the rolls by the mayor and board of aldermen,'' probably contemplates written objections, but this ordinance cannot restrict any right of appeal expressly granted by statute; and the provision of the ordinance that ''assessments shall be made in the manner prescribed by law for making county assessments'' can have no effective operation in reference to matters concerning which the Legislature has provided a separate and complete method for municipalities to follow.

Section 2582, Code 1930, provides for equalization of assessments by municipal boards at the September or October meeting in each year, upon ten days' notice of the meeting at which changes are to be made, and further provides that ''any person aggrieved by the action of the mayor and board of aldermen may appeal therefrom to the circuit court as in other cases of appeal, and the same shall be tried de novo in the circuit court.'' There is nothing in this statute that requires a taxpayer to appear and file a written protest as a condition precedent to an appeal. On the contrary, the broad language of this statute is that ''any person aggrieved'' by the action of the board may appeal therefrom to the circuit court as

in other cases of appeal. We do not think we can limit the language of this statute so as to include within the class granted the right of appeal only those who have filed a precedent written protest. Consequently, the judgment of the court below will be affirmed on both direct and cross-appeal.

Affirmed.