DAY BROS. *v.* BOARD OF SUP'RS OF WEBSTER COUNTY.

(Division B.   Nov. 21, 1938.)

[184 So. 453.   No. 33297.]

Stone & Stone, of Coffeeville, for appellants.

McKeigney & Latham, of Eupora, for appellee.

244

Argued orally by **W. I. Stone**, for appellant.

**McGehee, J.**, delivered the opinion of the court.

This case was tried in the Circuit Court of Webster County, without the intervention of a jury, on an appeal from an assessment of taxes made by the board of supervisors thereof, and the appeal to that court having been decided adversely to the appellant, the appeal here is prosecuted.

On the first Monday of July, 1936, the tax assessor of the county filed the real and personal assessments rolls

for that year with the clerk of the board of supervisors. At the regular July meeting, the board of supervisors proceeded to examine and equalize the assessments. Among other assessments there appeared on the rolls the assessment of appellant's property here in question, which was raised at said meeting from a valuation of $41,810 to a valuation of $63,670; later, in response to an order of the State Tax Commission, the assessment was again raised to $134,900.

The fact that the first raise was made by the board of supervisors at the July meeting is shown by an order entered at the August meeting reciting that the board then had "continued in session from day to day hearing objections to the said assessments," and "has made such changes in the assessments (as fixed by it on the said rolls at its July 1936 meeting)." No other changes were referred to.

Having completed the equalization of the assessments at the July meeting for more than ten days before the August meeting, and having approved the assessments, with corrections, subject to the right of parties in interest to be heard on all objections thereafter to be made, as provided for by Section 3164 of the Code of 1930, the board of supervisors ordered notice to be given to the taxpayers, as required by law, that the board would be in session on the first Monday of August, 1936, and would remain in session from day to day for the hearing of such written objections as may be filed thereto. Proof of the publication and posting of such notice was duly filed with the clerk, and the order on the minutes of the board at its August meeting recites that the same "was posted and published as by it ordered, and as required by law."

Section 3162 of the Code of 1930 provides that: "The board of supervisors shall immediately at the July meeting proceed to equalize such rolls and shall complete such equalization at least ten days before the August meeting, and shall immediately by newspaper publication

notify the public that such rolls so equalized are ready for inspection and examination."

Section 3164 of the Code of 1930 provides that: "At the meeting for equalization of assessments, the board of supervisors shall carefully examine the roll or rolls, and shall then and there cause to be assessed any person or thing that may be found to be admitted, and anything found to be undervalued may be correctly valued. . . . And land which is not classed correctly or undervalued shall be properly classified and valued. And the board shall cause all corrections to be made in the rolls, which, being done, the board shall enter an order approving the assessments, with or without corrections, as the case may be, subject to the right of parties in interest to be heard on objections as hereafter provided."

Then follows Section 3165 which provides that: "The board of supervisors of each county shall hold a meeting at the courthouse, . . . on the first Monday of August, to hear objections to the assessment. The board shall examine the assessment rolls, and hear and determine all exceptions thereto, and shall sit from day to day until the same shall have been disposed of, and all proper corrections made; and the board shall equalize the assessment and may increase or diminish the valuation of any property, so that property of the same value shall be assessed for an equal sum. And where an individual assessment has been increased immediate notice in writing shall be sent by mail to the person whose assessment is increased by the clerk of the board of supervisors. And at the said meeting the board shall have the power to change erroneous assessments or to add omitted property but any person affected by such action shall have notice as next above provided; and if the board adjourn before considering the objections filed, such objections shall be heard at the next regular meeting of the board."

Section 3166 of the Code of 1930 provides that: "A person who is dissatisfied with the assessment may, at such August meeting, present objections thereto in writ-

ing which shall be filed by the clerk and docketed and preserved with the roll. All persons who fail to file objections shall be concluded by the assessment and precluded from questioning its validity after its final approval by the board of supervisors or by operation of law, except minors and persons non compos mentis.'' It does not appear that any objections in writing were filed by appellant at the August meeting of the board pursuant to the notice given in that behalf. In construing this statute, it was held in Adams County v. Bank of Commerce in Liquidation, 157 Miss. 249, 128 So. 110, that where a taxpayer does not make objection to the assessment in writing at the August meeting, no appeal could be taken from the action of the board in approving the roll, but that if the board has increased the assessment at the August or subsequent meeting, then the taxpayer could appeal without objection, either in writing or orally, citing Cohn & Bros. v. Lincoln County, 119 Miss. 718, 81 So. 492.

But it is urged on behalf of the appellant that the first increase in the assessment, which was from a valuation of $41,810 to $63,670, was absolutely void, because of the failure of the board to give the notice in writing by mail to the person whose individual assessment had been increased, as provided in Section 3165 of the Code of 1930, hereinbefore quoted. We are of the opinion however that the notice required to be given by said section, where an individual assessment has been increased, applies only to increases made at the August meeting. Prior thereto the taxpayer has already been notified by publication that the rolls have been equalized and are ready for inspection and examination. If, upon examination and inspection of the rolls, the taxpayer finds that his assessment as given in to the assessor has been increased, he is given an opportunity to appear at the August meeting and file objections in writing thereto. If he finds that his assessment has not been increased he may rely upon such fact and file no objections. Then,

if, at the August meeting, the board shall, while the taxpayer is relying on the roll as heretofore equalized, increase his assessment, he is entitled to immediate notice thereof in writing sent to him by mail, as provided for in Section 3165, supra. From this conclusion, it follows that the first increase of the assessment was valid.

It is next urged that the second increase of the assessment, which was made pursuant to an order of the State Tax Commission, was void for two reasons: (1) Because the order of the board of supervisors passed at a special meeting called pursuant to an order of the State Tax Commission, and upon due notice, for the purpose of increasing the assessed value of certain classes of property on the rolls, undertook to set out what appeared on the face of the order made by the State Tax Commission, and the terms of which directed the board to make certain increases in the percentages "shown on the reverse side" thereof, and without the clerk of the board having copied on the minutes what appeared on the reverse side of the State Tax Commission's order; (2) that when the board of supervisors had ordered the assessment increased according to the percentages required by the order of the State Tax Commission. it failed to comply with Section 3185 of the Code of 1930 in regard to giving notice by mail to persons affected by the increases ordered by the State Tax Commission, and designating a future date when objection to such increases would be heard and determined.

It is true that the board of supervisors in copying on its minutes the order of the State Tax Commission failed to set out thereon the percentages "shown on the reverse side" thereof. However, the board did recite and adjudicate the percentages of increase which had been ordered by the State Tax Commission, after first copying the face of the order on its minutes, and in that behalf used the following language: "and the board of supervisors having first investigated the classes of property affected by the order of said State Tax Commission;

. . . and having added the 200 percentage to the assessment of Timbered Lands value (excluding timber), by proper additions, raises and equalization in the manner required by law and said order of the State Tax Commission; and having added the 100 percentage to the assessment of timber . . . by proper additions, raises and equalization in the manner prescribed by law and said order of said State Tax Commission.'' Thus, it will be seen that the essential and controlling features of the Tax Commission's order were set forth on the minutes of the board of supervisors sufficient to recite the necessary jurisdictional facts to authorize the board to make the increases in percentages mentioned. The law only requires that the order of the State Tax Commission be spread on its minutes. It is only necessary that the substance thereof be set forth on the minutes of the board of supervisors to show its authority for making the increases required.

In response to the second ground of objection above mentioned to the validity of the increase in the assessment which was made pursuant to the order of the State Tax Commission, we think it clear that the notice by mail mentioned in Section 3185, Code of 1930, is required only where a new assessment is found to be necessary when the board of supervisors examines the assessment roll at its July meeting, due to the assessor being incapable or his assessment being so imperfect that it should not be approved, whether objections thereto be filed or not, and where the board is authorized to appoint some suitable person to thereafter proceed to make the new assessment, as provided for in Section 3184 of the Code of 1930. In other words, Sections 3184 and 3185, supra, provide a separate and independent scheme in regard to the assessment roll, its examination and equalization, and for notices to the taxpayer when the contingency above mentioned shall arise. These sections are not applicable in the instant case.

In view of our conclusion that all of the necessary jurisdictional facts to show the validity of the action taken appear on the minutes of the board of supervisors, as introduced in evidence, the testimony of the chancery clerk in regard thereto, although it may have been incompetent, was wholly immaterial.

The judgment of the court below in approving the validity of the increases in the assessment of appellant is therefore affirmed.

Affirmed.