WORSHAM BROTHERS *v.* BOARD OF SUPERVISORS PRENTISS COUNTY, MISS.

No. 41424          March 7, 1960          118 So. 2d 616

*B. F. Worsham,* Corinth; *Floyd W. Cunningham,* Booneville, for appellant.

*E. K. Windham,* Booneville, for appellee.

Holmes, J.

This is an appeal from a judgment of the Circuit Court of Prentiss County sustaining and approving an assessment of personal property made against Worsham Brothers, the appellants here, for the year 1956. The property assessed consisted of three diesel tractors.

There is no dispute that the three diesel tractors were subject to assessment for the year 1956 as personal prop-

erty used in road construction and found in Prentiss County on January 1, 1956. The said property was assessed to Worsham Brothers, and in due course the August 1956 meeting of the Board of Supervisors of Prentiss County was held for the purpose of hearing objections to the assessments and equalizing the assessment rolls. The attorney for the appellants appeared before the Board in person at its August meeting and filed written objections to the assessment on the grounds of excessive valuation, and also orally objected to the assessment on the grounds that the personal property involved was not their property. No written objections were filed by the appellants on the grounds that the personal property involved was not their property. The Board of Supervisors overruled the objections and Worsham Brothers appealed to the circuit court.

A written request was filed in the circuit court by Worsham Brothers to be permitted to amend their written objections originally filed with the Board of Supervisors so as to incorporate therein in addition to objections based upon the ground of excessive valuation, objections based upon the grounds that the property was not owned by appellants but was the property of the Dalrymple Equipment Company. This request was overruled by the circuit court, and we think rightly so.

Section 9790 of the Code of 1942 reads as follows: "A person who is dissatisfied with the assessment may, at such August meeting, present objections thereto in writing which shall be filed by the clerk and docketed and preserved with the roll. All persons who fail to file objections shall be concluded by the assessment and precluded from questioning its validity after its final approval by the board of supervisors or by operation of law, except minors and persons non compos mentis."

This Court has definitely decided that where a taxpayer does not make objections to assessments in writing, but objects orally, the taxpayer is concluded by

the assessment and cannot appeal therefrom. This was held by this Court in the case of Adams County v. Bank of Commerce, 157 Miss. 249, 128 So. 110, which case we think is controlling on this appeal.

Affirmed.

*McGehee, C. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.